Napton, judge,
delivered the opinion of the court.
Under the first three counts, we are well satisfied that Moore was a competent witness. It is not charged in either of these counts that Moore was a partner when the tortious expulsions was committed, and whether he was a partner or not, he could not he held responsible for the tortious acts of his co-partners, in which he had no participation.
The fourth count presents more difficulty. In that a deceitful misrepresentation is charged upon the defendants, resulting in a pecuniary loss to the plaintiff. Moore, the witness, was a partner with the defendants when this misrepresentation was made. Moore proved the misrepresentation (if any were proved at all) and also proved the partnership. Now if the witness admitted the representation or deceit, and proved the partnership, he might be objectionable on the principle acted on by this court in Dixon vs. Hood, 7 Mo. R. Admitting himself to be liable, he would be testifying in such a way as to make others share his responsibility.
The distinction has not been sufficiently noted, in my humble opinion, in many of the casess on this subject, between the competency of a witness against whom a judgment by default has been rendered, and one who is not a party to the suit. In the former, the witness’ liability is fixed, and when his testimony is calculated to divide that responsibility, his interest in favor of the plaintiff is manifest. But where the witness is not a party, and he neither admits nor denies the liability of the defendants, but is simply called on to prove their partnership with himself, he is certainly testifying against his interest. He is facilitating a recovery for the plaintiff, in which event, he admits himself liable over for contribution. His interest is directly against the party calling him.
In this case we will observe that the deposition of the witness Moore, was objected to generally as incompetent. There are portions of his testimony applying solely to the three first counts, which were clearly admissible, and if other portions were objectionable under the fourth count, they should have been pointed out, and a separate exception taken.
It will strike any one who reads the deposition of Moore, which was *284 a long one and contained nearly all the evidence in the cage, which was to the point disputed, that scarcely any plausible pase of deceitful misrepresentation, as charged in the fourth count, was made out. But both parties went to the jury without instructions, preferring, no doubt, to take their chances with that tribunal for a correct decision of the law and the facts. This they have a right to do : but the losing party in such cases has no cause of complaint in this court. We have no further cqntrol over the matter,
We think the witness, Moore, was competent, although there are portions of his testimony about which we have doubts ; but as the objection was a general one, and cannot be sustained as such, the judgment Will be affirmed,
Scott, judge,
The case of Dixon vs. Hood is not applicable. In crime and fraud there is nq partnership, and consequently there can he no contribution. The fourth count in tire declaration is for a fraud, and a recovery under it would lay no foundation for a claim to contribution among those who were parties to it.
When, in the trial of a cause, evidence is offered which is admissible for one purpose, but incompetent for another, it is the duty of the court to receive it, and the party against whom it is offered may move the court to direct the jury as to the purposes for which it is incompetent. Palmer vs. Hunter 8 Mo. Rep, 517,